J-S09025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS HILL | : | |
| | : | |
| Appellant | : | No. 1225 EDA 2021 |

Appeal from the PCRA Order Entered June 4, 2021,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0000493-2008.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                     **FILED MAY 6, 2022**

Louis Hill appeals *pro se* from the order denying his third petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely filed.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On September 24, 2009, a jury found Hill guilty of attempted murder and related charges.  On November 18, 2009, the trial court sentenced Hill to an aggregate term of 23½ - 47 years of imprisonment.  On February 28, 2011, this Court affirmed his judgment of sentence, and on July 7, 2011, our Supreme Court denied Hill's petition for allowance of appeal.  ***Commonwealth v. Hill***, 24 A.3d 468

---

[*] Former Justice specially assigned to the Superior Court.

(Pa. Super. 2011) (non-precedential decision), *appeal denied*, 24 A.3d 362 (Pa. 2011).  Hill did not seek further review.

On August 8, 2011, Hill filed a timely PCRA petition.  The PCRA court appointed counsel who later filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Hill's petition without a hearing and granted PCRA counsel's motion to withdraw.  Hill filed a response.  By order entered November 20, 2012, the PCRA court denied Hill's PCRA petition.

Hill filed an appeal to this Court.  On September 8, 2014, this Court affirmed the denial of post-conviction relief, and on December 17, 2014, our Supreme Court denied Hill's petition for allowance of appeal. **Commonwealth v. Hill**, 107 A.3d 220 (Pa. Super. 2014) (non-precedential decision), *appeal denied*, 105 A.3d 735 (Pa. 2014).

Hill filed a second *pro se* PCRA petition on July 13, 2016.  The PCRA court appointed counsel who later filed a motion to withdraw and a "no-merit" letter pursuant to **Turner**/**Finley**, **supra**.  Thereafter, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Hill's petition without a hearing and granted PCRA counsel's motion to withdraw.  Hill filed a response.  By

order entered in February 2017, the PCRA court denied Hill's PCRA petition.[1]

He did not file an appeal.

On May 9, 2019, Hill filed the *pro se* PCRA petition at issue, his third.

Once again, the PCRA court appointed counsel, and on December 30, 2020,

PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to

***Turner/Finley***, ***supra***. Thereafter, the PCRA court issued a Pa.R.A.P. 907

notice of its intent to dismiss Hill's petition without a hearing and granted

PCRA counsel's motion to withdraw. Hill filed a response. By order entered

on June 4, 2021, the PCRA court denied Hill's PCRA petition. This appeal

followed. Both Hill and the PCRA court have complied with Pa.R.A.P. 1925.

Hill raises the following issues:

> 1. Did [the] PCRA court err when it accepted [PCRA counsel's] "no merit" letter (***Finley/Turner***) and granted the attached "motion to withdraw as counsel" [and PCRA counsel's] failure to amend the [PCRA] petition under [sic] [Hill's] request?
>
> 2. Did [the] PCRA court err when it deemed [Hill's] petition for post-conviction relief without merit and dismissed [the] petition without a hearing?

Hill's Brief at 4 (excess capitalization omitted).

Before addressing these issues, we must first determine whether the

record supports the PCRA court's conclusions that his third PCRA petition was

---

[1] Although the order denying this petition does not appear in the certified record, no one disputes its disposition.

untimely filed, and that he failed to establish a time-bar exception. *See* PCRA Court Opinion, 7/22/21, at unnumbered 3.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). Moreover, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Hill's judgment of sentence became final on October 5, 2011, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13. Therefore, Hill had until October 5, 2012 to file a timely petition. Because Hill filed his third PCRA petition in 2019, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

The PCRA court determined that Hill had failed to plead and prove an exception to the PCRA's time bar. In his **Turner**/**Finley** letter, PCRA counsel informed the court of the following:

> [I]n his [third PCRA petition], [Hill] states that "Victim [Blandford] made known that he was going to place blame of his shooting on me [Hill]. If the victim later admits he lied at trial, this perhaps would constitute after-discovered evidence of the quality that would justify a new trial. An untimely Petition under the [PCRA] will be considered if the claimant avers and proves that the ". . . facts upon which the claim is predicated were unknown to petitioner and could not have been ascertained by the exercise of due diligence[.]" In that regard, [Hill] provided me with the name of two persons with knowledge of his claims, referred to above as Witness #1 and Witness #2. I spoke with Witness #1 on December 23 and on December 28, 2020, and I spoke with Witness #2 on December 28, 2020. As a result of these conversations, I was unable to obtain evidence that would support [Hill's] claim.

**Turner**/**Finley** Letter, 12/30/21, at 7 (citations omitted). Thus, as PCRA counsel admitted that he was unable to prove and plead time-bar exception,

the PCRA court correctly found that it lacked jurisdiction to consider the claims Hill raised in his petition.

On appeal, Hill essentially claims PCRA counsel was ineffective for not properly investigating and presenting the newly discovered fact exception to the time bar. In ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), our Supreme Court set new precedent regarding the preservation of such a claim and held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley***, 261 A.3d at 401 (footnote omitted). Here, because Hill raised his claims in his appellate brief, they are properly before us.

In ***Bradley***, the Court also acknowledged that in certain cases when a layered claim of PCRA counsel's ineffectiveness is first raised on appeal a remand may be warranted:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for a remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief if not plainly unavailable as a matter of law, the remand should be afforded.

***Bradley***, 261 A.3d at 402 (citations and footnote omitted). As more fully explained below, we need not remand the instant appeal.

Hill asserts that he could establish the newly discovered fact exception to the PCRA's time bar. 42 Pa.C.S.A. § 9545(b)(1)(ii). As this Court has previously summarized:

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA Court has jurisdiction over the claim under this subsection.

*Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

Here, PCRA counsel correctly cited the components of a newly discovered fact exception, and, after interviewing witnesses who were identified by Hill, he opined that he would be unable to plead and prove that exception to the time bar. In his brief, Hill asserts that "(Witness #3), on their own accord, provided to [PCRA counsel] a[n] official written statement and affidavit providing new eye-witness testimony" about the incident. Hill's Brief at 12. According to Hill, PCRA counsel was ineffective for failing to "amend [his] petition and/or include this witness and the accompanying statement and affidavit in his [*Turner/Finley*] letter to the PCRA [court]." *Id.*

Hill does not identify this third witness or proffer any information from the witness' statement or affidavit. Moreover, our review of Hill's response to the PCRA court's Rule 907 notice refutes his assertion that he informed the

court regarding Witness #3. *Id.* at 14. Therefore, because Hill has provided no basis to disturb the PCRA court's conclusions that his third PCRA petition was untimely, and that he was unable to establish a time-bar exception, Hill's claim of PCRA counsel's ineffectiveness fails. Thus, we affirm the PCRA court's order denying Hill post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2022